## UNITED STATES v. SIXTY–TWO PARCELS OF LAND SITUATE IN NEW CASTLE COUNTY, DEL., et al.

### No. 8. June Term, 1935.

District Court, D. Delaware.

Oct. 12, 1938.

See, also, D.C., 22 F.Supp. 540.

David G. McIntosh, Jr., Sp. U. S. Atty., Department of Justice, of Baltimore, Md., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del.

James R. Morford (of Marvel, Morford & Logan) and W. T. Knowles, both of Wilmington, Del., for cottage owners.

NIELDS, District Judge.

Petitions by owners of four cottages, who were tenants of the sites of the cottages, for payment of the amounts of so-called "advisory verdicts" from funds in the registry of the court. Also there were petitions by the owners of the land, who were lessors of the sites, for payment to them of said amounts in addition to the awards to them as owners of the land.

The United States brought condemnation proceedings against 62 parcels of land in New Castle County, Delaware, as part of the project to widen and deepen the Chesapeake and Delaware Canal. In these proceedings a jury made awards of the value of the sites of the cottages to the owners of the land and of the value of the unexpired leases of the sites to the tenants. In addition, the jury returned so-called "advisory verdicts" as damages sustained by the owners of the cottages for the appropriation of their cottages. The jury in so doing followed an instruction at the close of the following portion of the charge of the court to the jury:

"A tenant is entitled to the money equivalent of the leasehold value of the premises whose possession is taken from him. If these tenants were holding under leases whose terms had not expired at the time of the taking you will separately assess the market value of such leases. The only property of a tenant of a cottage you can condemn is his unexpired lease. Where there is no evidence of the value of the unexpired term you can make no award.

"It is admitted that the tenants of the cottage sites had the right of removal or sale of their cottages at any time. According to the custom of the neighborhood and under the evidence in the case the cottages were not real estate but personal property. Because the cottages were personal property a right of sale and removal existed.

"If you find from the evidence that a tenant was accorded a reasonable opportunity to remove his cottage and failed so to do, then in assessing damages to such tenant you should determine the market value of his unexpired lease excluding the market value of the cottage and improvements, and make your assessment accordingly.

"If, on the other hand, you should find that a reasonable opportunity to remove a cottage was not accorded a tenant, then in assessing damages to such tenant you should determine the market value of the unexpired lease including the market value of the cottage and improvements and make your assessment accordingly.

"These instructions apply to the Jeffers and Schick cottages on the Hudson land. The market value of the cottage belonging to Mrs. Cann should be considered by you in assessing the value of the land taken from her.

"The tenant of the site of the Cohen cottage paid rent to June, 1936. Thereafter this site was taken June 19, 1936. Cohen has not appeared and no one representing him has filed a claim in his behalf. It appears from the evidence that he has no claim for an unexpired lease and accordingly you are instructed that nothing can be awarded to him. Since the cottage was personal property belonging to Cohen it follows that nothing can be awarded Hudson on account of the Cohen cottage.

"The Chestnut lease stands by itself. The site of this cottage was taken by the United States June 19, 1936. Originally the Chestnut lease was for ten years which expired April 30, 1932. Thereafter the lease was renewed from year to year by the payment in May of a year's rent in advance. In May, 1936, this lease was renewed by the payment of rent until May, 1937. June 19, 1936 the site of the lease was taken. In May, 1937, when a check was delivered to Mr. Cann, the land belonged to the United States and there could be no renewal of the lease on the part of Mrs. Cann. Chestnut continued in possession. It may be remarked that today Chestnut has the right of removal. Consequently there was no damage to Chestnut for the taking of an unexpired lease.

You can award to Chestnut nothing, and the Court so instructs you.

"*Upon the assumption that the market value of the Jeffers, Schick, Cohen and Chestnut cottages might ultimately be found to be due the tenants, I have stated during the trial that the Jury would be requested to find the market value of each cottage in an advisory finding but not in the form of a verdict. I therefore request you to separately find for advisory purposes the market value of each of said cottages.*"

As appears from the above extract from the charge of the court (to which no exception was taken), one of each of the four cottages in question was the property of Walter K. Jeffers, Herman H. Schick, —— Cohen and William H. Chestnut. The court now reiterates the ruling during the trial and the statement in the charge that the four cottages were personal property. In this condemnation proceeding the United States was condemning land and interests therein and not movable personal property. The court finds as a matter of fact and of law that the owners of the cottages were accorded a reasonable opportunity to remove their cottages and failed so to do.

As to each cottage and owner, the court finds:

(1) That the owners of the Jeffers cottage had six months within which to remove their cottage and failed because, as one testified, he did not have the necessary funds.

(2) The owner of the Schick cottage had notice in June, 1935, of the intention of the United States to take the site of the cottage and had an opportunity for eighteen months to remove the cottage.

(3) The owner of the Cohen cottage abandoned his lease in June, 1936, and had an opportunity to remove his cottage until October, 1937, a period of over a year.

(4) The owner of the Chestnut cottage remained in possession thereof at the time of the trial and had ample time to remove his cottage if he had so desired.

Further, that in each instance the United States did nothing to prevent the owners from removing their cottages.

Over and above all else, there is nothing in the law governing condemnation in a federal tribunal that authorizes "advisory verdicts." There is no precedent or statute authorizing such procedure. The statement in the charge directing the jury to return "advisory verdicts" was ill-advised and without warrant of law. The so-called "advisory verdicts" are nullities and recovery of the amounts thereof must be denied.